

**SIGNED this 11th day of August, 2010.**

```
                          _____
                          CRAIG A. GARGOTTA
                          UNITED STATES BANKRUPTCY JUDGE
```
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 09-70173-CAG |
| | § | |
| DANNY LYLE BECKER, JR., | § | CHAPTER 7 |
| PAMELA KAY BUSSELL BECKER | § | |
|     Debtors. | § | |

## ORDER DENYING MOTION TO RECONSIDER

On this date came on to be considered the above-styled and numbered case filed under Chapter 7 of the United States Bankruptcy Code and, in particular, Kenneth McCready's Federal Rule 60 and FRBP 3008 Motion to Vacate Orders of June 1, 2010, Motion to Reconsider Claims and in the alternative, Motion for Leave to Amend "Informal" Claims filed on June 21, 2010 (docket #90). The Debtors filed this case on July 20, 2009. The Movant, Kenneth McCready, filed four proofs of claim against the bankruptcy estate on the last date designated for filing claims, March 24, 2010. The Debtors responded, filing objections to three of the four claims on May 3, 2010. The objections contained Local Rule 3007's twenty-one day negative notice

language. On June 1, 2010, eight days after the negative notice period ran, the Court entered orders denying all three claims. McCready filed this motion requesting reconsideration on June 21, 2010, twenty days after the orders were entered,[1] twenty-nine days after the negative-notice period ran, and forty-nine days after being served with the objections.

In his motion, McCready argues that the Court erred when it entered orders denying his claims because the Debtors did not present evidence of a probative value equal to that of McCready's proof of claim,[2] because the Debtors improperly mailed the objections to McCready's post office box, and because the Court should have given him thirty days to respond to the objections. Specifically, McCready argues that the Court should reconsider its order because Federal Bankruptcy Rule 3007 does not require a response to an objection to claim. Further, McCready argues that the twenty-one day negative notice period provided for in the Western District's Local Rules conflicts with Federal Rule 3007, which requires the objection to be served on the claimant thirty days before a hearing on the objection.

Rule 60 of the Federal Rules of Civil Procedure provides grounds for relief from a final judgment, order, or proceeding. A Court may relieve a party or its legal representative from a final judgment, order or proceeding if the moving party can show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it

---

[1] Thus, the orders are now final under Rule 8002 of the Federal Rules of Bankruptcy Procedure.
[2] The Court does not reach this contention because McCready did not comply with the Court's local rules which require a response to an objection to claim. The Court notes, however, that McCready did not submit any support for his proofs of claim.

prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60. The equitable power of bankruptcy courts to set aside orders is well established and is formalized in Bankruptcy Rule 9024, which makes Rule 60 applicable to bankruptcy cases. 11 U.S.C.A. Fed.R.Bank.P. 9024. Bankruptcy courts have substantial discretion in deciding what constitutes "cause" for reconsidering an allowed or disallowed claim. *In re Coffman*, 271 B.R. 492 (5th Cir. 2002); *In re Pride Companies, L.P.*, 285 B.R. 366 (5th Cir. 2002). Although Rule 60(b) gives the Court wide discretion to reconsider a final order, the Court finds that reconsideration is not appropriate in this case. Aside from copying the text of Rule 60 into his motion and stating that Rule 60(b)(1), (3), (4), and (6) are implicated in this matter, McCready offers no basis in fact or law to support granting his request.

Under Bankruptcy Rule 9014, contested matters must be served "in the manner provided for service of a summons and complaint by Rule 7004." Rule 7004(b) states that service can be accomplished "by mailing a copy of the summons and complaint to the individual's dwelling house or usual place of abode or to the place where the individual usually conducts a business or profession." Here, the Objection to Claim was mailed to the only address McCready disclosed in his pleadings in this Court — P.O. Box 10, Loda, IL 60948. In fact, McCready was served as he requested in his Notice of Appearance and Request for Service of Notices, Pleadings and Orders (docket #21). The Notice states "the undersigned hereby enters his appearance as a creditor . . . and . . . hereby requests that all notices given or required to be given in this case, and all papers served or required to be served in this case, be served upon him at the address below." The only "address below" in the notice is his post office box. Although the notice allows "any creditor, trustee, or other person . . . to communicate with [him] by email," it goes on to state "Becker attorneys, insiders, themselves, their cronies, family, friends, associates and straw-men

3

are not permitted to contact me in this fashion." Therefore, the Debtors could only serve McCready at his post office box. As the post office box appears to be where McCready regularly conducts his business and the address that he designated for service, the Court finds that the Debtors appropriately served McCready at his post office box.[3]

According to Bankruptcy Rule 3007(a), "[a]n objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant . . . at least 30 days prior to the hearing." The Western District's Local Rule 3007 states, "[o]bjections to claims are contested matters and may be made on negative notice as set forth in L. Rule 9014. If negative notice is not used or if a timely response to the objection is filed, a hearing on the objection will be set in accordance with FRBP 3007." Local Rule 9014 allows parties to place the following language in their motions:

> THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.
>
> IF NO RESPONSE IS FILED WITHIN TWENTY (20) DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.
>
> A TIMELY RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.

In a standing order dated November 30, 2009, the Western District changed the negative notice period from twenty days to twenty-one days in order to comply with amendments to the Federal Rules of Bankruptcy Procedure. Local Rule 9014(b), entitled "Responses to Motions, Applications, and Objections to Claims," states "[a] party who opposes the relief requested must file a responsive pleading within the time set out in the negative notice (if applicable). If

---

[3]McCready also alleges that the Debtor's counsel mailed the objections a day later than indicated in the certificate of service attached to the objections. The Court notes that even if McCready's allegations are accurate, the one-day difference did not prejudice McCready because the Court did not enter the orders denying his claims until twenty-nine days after the date the objections were filed with the Court. The Court also notes that it has previously addressed this argument in an order denying McCready's Motion for Order to Show Cause Why Attorney Jeanne Morales Should Not be Held in Contempt or Otherwise Punished in adversary proceeding number 09-7021 (docket #120).

4

negative notice language is not used, a response is not required unless the Court or these rules direct." Thus, the Western District's Local Rules require a claimant to file a response within twenty-one days of receiving an objection or their claim will be denied without a hearing. If the claimant files a response, the objection is set for hearing and notice of the hearing is given to the claimant. Unless a motion to expedite is filed, the claimant receives, at least, an additional twenty-five day notice before the hearing on the objection to claim.

Under circumstances similar to those in this case, the San Antonio Division of the Bankruptcy Court for the Western District of Texas upheld the district's negative notice provisions in the context of an objection to claim. In ***In Re Gonzalez***, the Debtors filed an objection to an amended proof of claim which contained negative notice language. 372 B.R. 837 (Bankr. W.D.Tex. 2007). The claimant failed to file a timely response and the Court entered an order partially disallowing the claim. ***Id.*** Citing the Eighth Circuit, the Court found that the negative notice procedures for claims adjudication are authorized by the Bankruptcy Code. ***Id.*** at 845 (citing ***In re Pierce***, 435 F.3d 891, 892 (8th Cir. 2006)). Specifically, the Court found that because the claimant was afforded "a fair opportunity to present its response and to request an evidentiary hearing," the claimant "could not complain that it did not get its day in court; it simply chose not to ask for one." ***Id.***

Contrary to McCready's contention, the Western District's Local Rules regarding objections to claim do not conflict with the Federal Bankruptcy Rules. Although Bankruptcy Rule 3007 does not require a response to an objection to claim, McCready was required to respond if he wanted a hearing because the Debtors' objections contained Local Rule 3007's twenty-one day negative notice language. McCready failed to respond and, therefore, he did not receive a hearing. When no hearing is requested within the negative notice period, Bankruptcy

5

Rule 3007's requirement of providing a party thirty day notice of a hearing becomes irrelevant. Additionally, the twenty-one day negative notice period supplements and does not conflict with Bankruptcy Rule 3007's thirty day notice provision because if an objection is filed with twenty-one day negative notice, the claimant has twenty-one days to file a response plus at least twenty-five day notice once the hearing is set. Therefore, if McCready had filed a timely response, he would have had at least forty-six day notice of a hearing, which would comply with Bankruptcy Rule 3007. Under the Local Rules, a hearing on an objection to claim always takes place at least thirty days after the claimant is served with an objection. The fact that other districts require thirty day negative notice on claims objections is irrelevant; Local Rule 3007 for the Western District governs this case.

In his motion, it appears that McCready is asking the Court for leave to amend his claims under the "informal proof-of-claim doctrine." The "informal proof-of-claim doctrine" allows a claimant to amend a proof-of-claim that does not comport to the formalities of the Bankruptcy Code. Generally, informal claim doctrine is an equitable remedy that allows the Court to ignore deficiencies in a timely filed proof-of-claim and to allow a creditor to file an amended claim after the bar date. In this case, the Court already denied the claims and it denied reconsideration; thus, the claims cannot be amended. Allowing McCready to "amend" his claims after they have been denied would circumvent the objection and response requirements of Bankruptcy Rule 3007 and Local Rule 3007 and it would unnecessarily delay administration of the bankruptcy estate. If McCready wanted to protect his claims, he should have timely responded to the Debtors' objections.

IT IS THEREFORE ORDERED that Kenneth McCready's Federal Rule 60 and FRBP 3008 Motion to Vacate Orders of June 1, 2010, Motion to Reconsider Claims and in the

6

alternative, Motion for Leave to Amend "Informal" Claims filed on June 21, 2010 shall be, and hereby is, denied.

# # #